UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**William Johnson Moffet,**
**individually and on behalf of**
**others similarly situated,**

      Plaintiff,

v.                                                                                  Case No: 8:23-cv-01787-KKM-AEP

**Everglades College, Inc.**
**d/b/a/ Keiser University,**

      Defendant.
_____

### Uniform Case Management Report

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 11/28/2023. Ryan L. McBride for Plaintiff and, Michael R. Esposito and Ana Tagvoryan for Defendant attended the conference.

2. **Proposed Deadlines and Dates**

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 12/20/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 1/24/2024 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 5/22/2024 |
| Defendant's deadline for disclosing any expert report. | 6/12/2024 |
| Deadline for disclosing any rebuttal expert report. | 6/26/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 7/25/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | 8/28/2024 |
| Deadline for response and opposition to motion for class certification. | 09/27/2024 |
| Deadline for reply to response and opposition to motion for class certification | 10/11/2024 |
| Deadline for filing any dispositive motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 11/25/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Click or tap here to enter text. | 7/31/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 4/4/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, additional *Daubert* motions, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 4/11/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 4/18/2025 |
| Month and year of the trial term. | 4/25/2025 |

The trial will last approximately 2-3 days for an individual trial and 8-10 days for a class trial and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

Plaintiff alleges defendant has violated the Telephone Consumer Protection Act, 47 U.S.C. section 227(b) and the Florida Telephone Solicitation Act section 501.059 ("FTSA") by calling Plaintiff with a pre-recorded voice without Plaintiff's permission. Defendant denies Plaintiff's allegations.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties do request a preliminary pretrial conference.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

  ☐ Yes.
  ☒ No; instead, the parties agree to these changes: Initial Disclosures due 12/20/2023.

B. Discovery may be needed on these subjects:

  Plaintiff: Plaintiff anticipates needing discovery including but not limited to Defendant's call logs, account notes, Defendant's dialer, policies and procedures regarding solicitation, number of people called, identities of people called, Plaintiffs' call logs and notes, identity of any third-party callers on behalf of Defendant.

  Defendant: Defendant anticipates needing discovery including, but not limited to, Plaintiff's online opt-in and consent, telephone and internet records, any records maintained by Defendant in relation to the events complained of in the First Amended Class Action Complaint,

4

      documentation demonstrating Defendant's alleged damages sustained pursuant to the complained of violations, and proof of residency.

  C.  Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes.

  D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☒ No.
      ☐ Yes; describe the issue(s).

  E.  ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

  F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

      ☒ No.
      ☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. Signatures

Dated: December 1, 2023.

| KAZEROUNI LAW GROUP, APC | BLANK ROME LLP |
|---|---|
| *s/Ryan L. McBride*<br>Ryan L. McBride<br>301 E. Bethany Home Road, Suite C-195<br>Phoenix, AZ 85012<br>Telephone: (800) 400-6808<br>Email: ryan@kazlg.com<br><br>Mohammad Kazerouni<br>KAZEROUNI LAW GROUP, APC<br>245 Fisher Avenue, Suite D1<br>Costa Mesa, CA 92626<br>Telephone: (800) 400-6808<br>Email: mike@kazlg.com<br><br>*Attorneys for Plaintiffs* | *s/Michael R. Esposito*<br>Michael Esposito (Fla. Bar No. 37457)<br>michael.esposito@blankrome.com<br>100 S. Ashely Drive, Suite 600<br>Tampa, FL 33602<br>Telephone: 813.255.2300<br>Facsimile: 813.830.7444<br><br>BLANK ROME LLP<br>Ana Tagvoryan (admitted *pro hac vice*)<br>ana.tagvoryan@blankrome.com<br>Harrison Brown (admitted *pro hac vice*)<br>harrison.brown@blankrome.com<br>2029 Century Park East \| 6th Floor<br>Los Angeles, CA 90067<br>Telephone: 424.239.3400<br>Facsimile: 424.239.3434<br><br>COLE, SCOTT & KISSANE, P.A.<br>Justin Sorel (Fla. Bar No. 0016256)<br>justin.sorel@csklegal.com<br>Esperante Building<br>222 Lakeview Avenue, Suite 120<br>West Palm Beach, Florida 33401<br>Telephone: 561.383.9200<br>Facsimile: 561.383.9200<br><br>*Attorneys for Defendant* |