IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2022-008872-CA-01
SECTION: CA13
JUDGE: Gina Beovides

**MARIA FERNANDA SOTO LEIGUE**

Plaintiff(s)

vs.

**EVERGLADES COLLEGE INC**

Defendant(s)
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** came before the Court on Defendant Everglades College, Inc.'s (Keiser University, "Defendant") Motion for Judgment on the Pleadings, Or, In the Alternative, Summary Judgment. After considering the motion, Plaintiff Maria Fernanda Soto Leigue's ("Plaintiff") opposition thereto, Defendant's reply, the evidence and testimony presented, and the arguments of counsel, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED: Defendant's Motion for Summary Judgment is GRANTED for the reasons stated below.

### Statement of Facts and Summary of Arguments

The instant action was filed on May 13, 2022, in this Court, removed to the Southern District of Florida, United States District Court, and then remanded to this Court upon stipulation of the parties and after the close of class certification discovery.

Plaintiff seeks to certify and represent two classes of persons alleging claims for statutory penalties under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059(10)(a) for violations of Fla. Stat. §§ 501.059(8)(a) & 501.059(5) ("FTSA"). The Court has ruled that certification of the classes is improper as Plaintiff has failed to plead and prove that the classes should be certified under Florida Rule of Civil Procedure 1.220. Defendant argues by way of the instant motion that, even if Plaintiff could prove certification of one or both classes, Plaintiff cannot maintain the class action as lead representative under Fla. Stat. § 768.734(2). Defendant also argues that even if Plaintiff can maintain class claims for $500 in statutory penalties, such relief is available only on a "per action" rather than "per violation" basis.

**Analysis**

*Capacity to Sue under Fla. Stat. § 768.734(2)*

Under Fla. Stat. § 768.734(2), Plaintiff may not maintain a class action seeking a statutory penalty under the FTSA, which is in Chapter 501, where Plaintiff does not allege, nor prove, that Plaintiff suffered actual damages. Section 768.734(2) states as follows:

> Notwithstanding any law to the contrary, in order to maintain a class action seeking statutory penalties under chapters 320, 501, 520, and 521, the class action claimants must allege and prove actual damages. This section does not limit or restrict the ability of the Attorney General to bring a class action for the recovery of statutory penalties, if otherwise authorized by law. However, class action claimants may seek to obtain, if appropriate, nonmonetary relief, including injunctive relief, orders or declaratory relief, and orders or judgments enjoining wrongful conduct, regardless of whether the class action claimants can prove any actual monetary damages. This section does not in any way limit or restrict the availability of such nonmonetary relief.

The FTSA authorizes a plaintiff to "[r]ecover actual damages or $500, whichever is greater." Fla. Stat. § 501.059(10)(b)." The questions presented are (1) whether Plaintiff seeks statutory penalties under the FTSA when she prays for recovery of $500 per violation; and (2) whether Plaintiff has alleged and demonstrated by way of genuine admissible evidence that she has sustained "actual damages."

As an initial matter, on April 18, 2023, in the parties' Status Report & Joint Stipulation Regarding Briefing on Plaintiff's Motion for Class Certification, Plaintiff stipulated in Paragraph 2: "Plaintiff seeks statutory penalties of at least $500.00 per text message…." Now, without sufficiently addressing this prior stipulation that "Plaintiff seeks statutory penalties," Plaintiff argues that Plaintiff no longer seeks statutory penalties. Instead, Plaintiff seeks something she calls "liquidated actual damages" or "actual liquidated damages." Opposition at 3-5. However, Defendant argues, and the Court agrees, there is no such statutory or common law remedy as "liquidated actual damages" or "actual liquidated damages." Even if there is, Defendant is correct that if the Legislature wants to provide for a form of liquidated damages, it will do so straightforwardly, as it has in many other statutory schemes in Florida. Reply, at n. 2 & p. 5. The legislature did not do so with respect to the FTSA.

By definition, a statutory penalty is "[a] penalty imposed for a statutory violation, esp., a penalty imposing automatic liability on a wrongdoer for violation of a statute's terms without reference to any actual damages suffered." 1 PENALTY, Black's Law Dictionary (11th ed. 2019) (emphasis added). Applying this definition to the FTSA, Plaintiff may seek actual damages or Plaintiff may seek $500 "without reference to any actual damages suffered." The Court finds that the statutory remedy of $500 is a penalty.

Next, the Court finds that Plaintiff has neither pled, nor created a triable issue of material fact, with respect to actual damages. Instead, Plaintiff pleads, and confirms by way of her deposition testimony and opposition papers, that she has suffered intangible harms not connected to

actual damages. While the term "actual damages" is not defined by either Section 768.734 or Section 501.059, Defendant has provided persuasive authority that actual damages means an actual, quantifiable, injury or loss. Opposition, at pp. 7-8. When a term is undefined by statute, "[o]ne of the most fundamental tenets of statutory construction" requires that [courts] give a statutory term 'its plain and ordinary meaning.'" *Green v. State*, 604 So. 2d 471, 473 (Fla.1992). When necessary, the plain and ordinary meaning "can be ascertained by reference to a dictionary." *Id*. Further, it is a well-settled rule of statutory construction that in the absence of a statutory definition, courts can resort to definitions of the same term found in case law or in other similar statutory schemes. *See State v. Mitro*, 700 So. 2d 643, 645 (Fla.1997).

The Court finds that Defendant has not waived the right to challenge Plaintiff's capacity to seek a statutory penalty by not making a negative averment in the federal district court, finds that Defendant's Answer is amended to make such averment (to the extent required), and holds as a matter of law and fact that Plaintiff lacks the capacity to seek penalties of $500 on behalf of a class. And because Plaintiff has not moved to certify classes for injunctive relief under Federal Rule of Civil Procedure 1.220(b)(2) or otherwise, the permissive provisions of Section 768.734(2) do not apply.

*Constitutionality Challenge to Fla. Stat. § 768.734(2)*

In her Opposition brief, Plaintiff argued that Fla. Stat. § 768.734 is unconstitutional as it impermissibly regulates procedural law. The Court agrees with Defendant that even if Section 768.734 contains some procedural aspects, Florida courts have consistently upheld the constitutionality of statutes containing both substantive and procedural provisions. *Caple v. Tuttle's Design-Build, Inc.,* 753 So. 2d 49, 54 (Fla. 2000); *Smith v. Dept. of Ins.*, 507 So. 2d 1080, 1092 (Fla. 1987); *Kalway v. State*, 730 So. 2d 861, 862 (Fla. 1st DCA 1999). Even if Section 768.734 contains procedural elements, these elements are intertwined with the capacity to sue, a substantive right under Florida law. *See Florida Bar*, 353 So. 2d 95, 97 (Fla. 1977).

Regardless, Plaintiff did not promptly serve the Attorney General with notice of Plaintiff's constitutionality challenge. Fla. R. Civ. P. 1.071. Florida's Rules of Civil Procedure require "prompt" notice to the state Attorney General of a challenge to the constitutionality of a state statute by either certified or registered mail. Fla. R. Civ. P. 1.071. "Prompt" for purposes of Rule 1.071 is determined on a case by case basis. *In re 1975 Chevrolet Corvette,* 424 So. 3d 152, 153 (Fla. 5th DCA 1982). However, the state needs a "meaningful opportunity to intervene and be heard." *Brinkmann v. Francois*, 184 So. 3d 504, 507 (Fla. 2016). "Failure to comply with rule 1.071 bars consideration of a claim that would result in the striking of a state statute as unconstitutional." *Lee Memorial Health System v. Progressive Select Ins. Co.*, 260 So. 3d 1038, 1042 (Fla. 2018); *Ramle Int'l Corp. v. Mami-Dade Cnty*., WL 6852519 at *3 (Fla. 3d DCA Oct. 18, 2023); *The Fla. Atlantic Univ. Bd. of Trustees v. Harbor Branch Oceanographic Institute Foundation, Inc*., WL 3566658 at *17 (Fla. 4th DCA May 19, 2022); *Paylan v. Fla. Dept. of Health*, WL 17669431 at *3 (Fla. 1st DCA Nov. 17, 2022) (the remedy for failure to notify the AG of a constitutional challenge is non-consideration of the challenge). In other words, courts are precluded from considering constitutional challenges when the challenging party fails to demonstrate it complied with procedural requirements. *Ramle,* WL 6852519 at *3.

In this case, the Plaintiff raised the issue of constitutionality of Section 768.734 in her

Opposition to the Defendants Motion filed on November 21, 2023. The hearing on the Motion was held on Wednesday, December 13, 2023, in the morning. Plaintiff did not file her Notice of Constitutional Challenge until after the hearing on December 13, 2023. The notice does not state whether the Attorney General was served in compliance with Fla. R. Civ. P. 1.071. Even if the Attorney General had been served with the notice, the Attorney General would not have had a meaningful opportunity to intervene and be heard at the December 13, 2023, hearing. Accordingly, the Court will not consider the constitutional challenge of Plaintiff.

*Recoverability of $500 in Statutory Penalties Under the FTSA*

Fla. Stat. § 501.059(10)(a) states "A called party who is aggrieved by a violation of this section may bring an action to: 1.Enjoin such violation. 2.Recover actual damages or $500, whichever is greater." Defendant argues that the FTSA does not provide Plaintiff the ability to obtain multiple statutory penalties. Among other things, Defendant compares the FTSA with the federal Telephone Consumer Protection Act (TCPA), after which the 2021 amendment to the FTSA was modeled. The TCPA expressly provides to recovery of "actual monetary damages or up to $500 per violation." The Florida Legislature, however, did not use that same language in the FTSA.

Moreover, in the FTSA, at Fla. Stat. § 501.059(9)(a), the Legislature contemplated that in an enforcement action the State could seek a penalty "for each violation" yet excluded the "for each violation" language In section (10)(a). Numerous other parts of Chapter 501 and the rest of the Florida Statutes contain provisions awarding a penalty or damages on a "per violation" basis. But, in subsection (10)(a) of the FTSA, the Legislature did not include the "for each violation" language. Basic principles of statutory construction hold that "[w]here the legislature has used a term in one section of a statute but omitted the term in another section, the court [may] not read the term into the sections where it was omitted." *Sunshine Towing, Inc. v. Fonseca*, 933 So. 2d 594, 595 (Fla. 1st DCA 2006). Accordingly, the Court grants judgment on the pleadings in favor of Defendant as to Plaintiff's claim that Plaintiff is entitled to recover multiple statutory penalties.

## Conclusion

Based on the foregoing, Defendant's Motion for Judgment on the Pleadings and Motion for Partial Summary Judgment is granted.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 3rd day of January, 2024.

2022-008872-CA-01 01-03-2024 4:38 PM
Hon. Gina Beovides

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Ana Tagvoryan, Ana.Tagvoryan@blankrome.com
Ana Tagvoryan, BRFLeservice@blankrome.com
Ana Tagvoryan, sol.cruz@blankrome.com
Andrew J Shamis, Ashamis@shamisgentile.com
Andrew J Shamis, sbabani@shamisgentile.com
Andrew J Shamis, crosario@shamisgentile.com
Andrew Shamis, ashamis@shamisgentile.com
Andrew Shamis, aelsayed@shamisgentile.com
Andrew Shamis, gberg@shamisgentile.com
Angelica Gentile Gentile, efilings@shamisgentile.com
Christopher C Gold, chris@edelsberglaw.com
Christopher Chagas Gold, chris@edelsberglaw.com
Garrett O. Berg, gberg@shamisgentile.com
Harrison Brown, harrison.brown@blankrome.com
Harrison Brown, BRFLeservice@blankrome.com
Harrison Brown, sol.cruz@blankrome.com
Justin C Sorel, justin.sorel@csklegal.com
Justin C Sorel, dolly.widelitz@csklegal.com
Manuel S Hiraldo, mhiraldo@hiraldolaw.com
Maria Vigilante, Maria.Vigilante@BlankRome.com
Maria Vigilante, BRFLeservice@BlankRome.com
Maria Vigilante, MBuitrago@BlankRome.com
Michael R Esposito, Michael.Esposito@BlankRome.com
Michael R Esposito, BRFLeservice@blankrome.com
Michael R Esposito, sol.cruz@blankrome.com
Scott Edelsberg, scott@edelsberglaw.com
Scott Edelsberg, aaron@edelsberglaw.com

**Physically Served:**